**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4656**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

LEROY AUGUSTUS LANE,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  J. Michelle Childs, District Judge.  (6:06-cr-00992-JMC-1)

———————

Submitted:  March 14, 2013         Decided:  March 26, 2013

———————

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Augustus Lane appeals from the 240-month sentence imposed at his resentencing. On appeal, counsel has filed an Anders[*] brief, asserting that there are no meritorious issues for appeal but questioning whether Lane's sentence was reasonable. Lane has filed a pro se supplemental brief arguing that he received ineffective assistance of counsel when his attorney did not review the presentence report ("PSR") with him, failed to object to the Government's reliance on prior charges for which he had not been convicted, and failed to object to the PSR's description of his prior offenses as violent. We affirm.

We review Lane's sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. If the sentence is free of significant procedural

---

[*] Anders v. California, 386 U.S. 738 (1967).

2

error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

After review of counsel's sentencing claim and the remainder of the record pursuant to Anders, we conclude that the district court did not abuse its discretion in imposing sentence in this case. Lane did not object to the calculation of his Guidelines range, and the district court properly calculated his advisory Guidelines range in accordance with our remand instructions. The court heard argument from counsel and allocution from Lane. The court also considered the § 3553(a) factors, explaining that a within-Guidelines sentence was warranted in view of the nature and circumstances of Lane's offense conduct and Lane's history and characteristics — including his demonstrated unwillingness to accept responsibility for his crime and his recidivism.

Even if we may have weighed the § 3553(a) factors differently had we imposed sentence in the first instance, we

3

defer to the district court's decision that the 240-month sentence achieved the purposes of sentencing in Lane's case. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."), cert. denied, 132 S. Ct. 187 (2011). Lane thus fails to overcome the appellate presumption that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in imposing sentence.

Lane avers that his counsel was ineffective at the sentencing hearing. To establish ineffective assistance of counsel, Lane must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Here, the record does not conclusively demonstrate that counsel was ineffective. As such, Lane's claims are not cognizable on direct appeal; instead, he can bring these claims

4

in a 28 U.S.C.A. § 2255 (West Supp. 2012) proceeding where he can further develop the record.

In accordance with <u>Anders</u>, we have examined the entire record in this case and have found no meritorious issues for review. Accordingly, we affirm Lane's sentence. This court requires that counsel inform Lane in writing of his right to petition the Supreme Court of the United States for further review. If Lane requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lane. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>